ELISA RUIZ-MERLO ET AL., Plaintiffs and Appellants, *v.* MARIO MERCADO & SONS, Defendants and Appellees.

No. 4504.   Argued June 27, 1928.—Decided July 18, 1928.

*López de Tord & Zayas Pizarro* for the appellants.   *Tous Soto & Zapater* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Elisa Ruiz y Merlo and her daughters María Luisa, Herminia, Rosaura, Elisa María and María Aurora Rodríguez y Ruiz brought an action in the District Court of Ponce against the agricultural partnership of Mario Mercado & Sons for the performance of a contract and to recover a certain sum of money as the value of products and profits received from the two properties referred to in the contract.

They alleged that on April 16, 1920, by a public deed they sold to the defendants a determinate rural property situated

in the municipal district of Guayanilla; that one of the conditions of the contract, as stated in the deed, was that the defendants should proceed immediately to segregate from the property two parcels, one of half an acre containing a dwelling house and several other buildings and another of fifty acres "which was that part of the property sold lying on the left side of the Ponce-Yauco road, the remainder of the property lying on the right side of that road, it being understood that the said two parcels of land would be delivered to the plaintiffs by the defendants as part and consideration of the said contract of purchase and sale without their having to pay any price whatever"; that the plaintiffs had demanded that the defendants proceed immediately to make the segregation and although the defendants had a survey made for their account, they had refused and continue refusing to execute the deed of segregation transferring the title to the plaintiffs, refusing also to pay any rent or compensation for the improper possession which they retain; that the defendants have been receiving the fruits and income from the lots in question since April, 1920, estimated at five hundred dollars annually.

The defendants alleged by demurrer that the complaint did not state sufficient facts; that two actions had been joined improperly, one for performance of the contract and another *ex delicto,* and that the action for damages had prescribed in accordance with subdivision 2 of section 1869 of the Civil Code. They also moved for severance of the two causes of action.

The district court in a single ruling said that the two causes of action should be stated separately; that the demurrer of misjoinder of actions would be sustained because one action was *ex contractu* and the other *ex delicto,* citing the cases of *Busó et al.* v. *Martínez,* 18 P.R.R. 994, and *Porto Rico* v. *Emmanuel,* 235 U. S. 251, and likewise that the plea of prescription would be sustained. It said nothing in regard to the general demurrer of lack of facts.

The plaintiffs moved for a rehearing, the motion was opposed by the defendants and overruled by the court, it allowing the plaintiffs ten days in which to amend their complaint. The amended complaint was filed within the time granted. Essentially it is the same, with the only difference that it states the two causes of action separately.

The defendant demurred to the amended complaint as follows:

"As to the complaint as a whole:

"1.—Misjoinder of actions.

"That two causes of action have been misjoined one (first cause of action) originating on a contract, or the execution of a deed of segregation and transfer of ownership without consideration. Another (second cause of action) *ex delicto* or founded on tort, damages, amounting to the rents from the retained property, originating in the unlawful collection of the rents from the two parcels of land which the firm should have delivered and failed to deliver to the plaintiffs.

"As to the second cause of action.

"2.—Lack of facts to state the same, because the ground for the action does not appear, that is, why the firm was not entitled to receive the fruits from the two parcels of land. Why the plaintiffs are entitled to said fruits.

"3.—Lack of cause of action on account of prescription under subdivision 2 of section 1869 of the Civil Code, because this is an action for damages, for the unlawful collection of fruits, originating in the supposed fault or negligence of the defendants by reason of their having unlawfully appropriated said fruits which are supposed to belong to the plaintiffs."

The court again sustained the demurrers of misjoinder and lack of facts by prescription. It is well to transcribe its reasoning on the question of misjoinder. It is as follows:

"The causes of action have been separated, but from the allegations contained in each of them the court can reach no other conclusion than that the said causes can not be joined in the present case, for the first is *ex contractu* and the second *ex delicto*, as we said in the former ruling. According to the contract the obligation of the defendants was to segregate and execute a deed to certain

parcels in favor of the plaintiffs, without consideration, for that was one of the conditions of the contract. It can not be inferred from this, as alleged in the complaint, that there was an obligation to deliver the fruits, but that these are claimed and demanded because of the withholding of the parcels by the defendants. It is an action which does not arise from the contract, but from the defendants' having appropriated the fruits."

At this stage of the proceeding the parties presented a stipulation by virtue whereof both agreed that the real controversy between them referred to the second cause of action, since the defendants admitted that the first was well stated.

The court rendered judgment ordering the defendants to execute the deed of segregation in the manner required by the contract and holding that the second cause of action had prescribed. From that judgment the plaintiffs took this appeal.

They allege in their brief that the court erred in holding that two actions had been joined improperly and in declaring prescribed the action to recover the fruits and profits. The defendants presented no brief nor appeared at the hearing, but in order to give color to their theory we have transcribed their demurrer and the essential part of the reasoning of the lower court.

In our judgment the actions can be joined according to the provisions of subdivisions 1 and 2 of section 104, as follows:

"Sec. 104. The plaintiff may unite several causes of action in the same complaint, where they all arise out of:

"1. Contracts, express or implied.

"2. Claims to recover specific real property, with or without damages for the withholding thereof, or for waste committed thereon, and the rents and profits of the same."

By virtue of the contract entered into the plaintiffs had a right to demand that the defendants immediately segregate the two parcels of land and deliver them by executing the corresponding deed. The defendants did not comply. They

continued in the possession of the parcels and in the enjoyment of their fruits and profits. Their obligation is to deliver the parcels with the fruits and profits received since the execution of the contract which recognized the ownership right of the plaintiffs.

We will quote from commentator Scaevola who was cited by the trial court:

"The right of the creditor to the fruits of the thing, from the birth of the obligation to deliver the same, is new in the code. The rule of law established by the old legislation does not grant the right to the fruits until the debtor is in default. But this is a natural consequence of the right of ownership born of the consent of the parties or by provision of the law whereon the obligation to deliver rests; and the code is logical in its spirit if not in its words. The creditor is the owner; the debtor merely enjoys the tenancy; therefore, the former is entitled to all the fruits and accessories to the thing in the same manner, as we will immediately see, that he will bear all natural losses and wastes. The provision is similar to that of section 1468 according to which all the fruits belong to the purchaser from the day the contract is perfected, and to that of section 1770 under which the things withheld as a deposit shall be returned with all their fruits, products and accessories." 19 Scaevola, Commentaries on the Civil Code, 408.

That right to claim the fruits and profits arises from the contract itself and is part of the ownership right which is recognized in the contract. The action to claim it is, therefore, *ex contractu,* unless there are special circumstances which alter its nature, as was the case in *Busó* v. *Martínez,* 18 P.R.R. 994, cited by the trial court.

In that case the opinion of this court was not unanimous. Associate Justice MacLeary delivered the majority opinion. A part of the syllabus reads as follows:

"When an estate of 15 *cuerdas* described by metes and bounds is sold for a lump sum and the vendee on taking possession of the property finds that it contains 125 *cuerdas* and institutes dominion title proceedings in order to have such excess recorded in his favor, the action arising from such acts is an action *ex delicto,* because such acts of the vendee do not constitute an infraction of the contract

of sale, but are independent acts which have nothing to do with the contract of sale.

"Having examined the complaint in the case at bar in the light of the principles applicable to the case, there is no doubt that the damages claimed therein arise from the fault or negligence referred to in section 1803 of the Civil Code."

In *Porto Rico* v. *Emmanuel*, 235 U. S. 251, the claim for damages was based on the fact that The People of Porto Rico, through its agent, the Treasurer of the Island, had improperly ordered the record in its favor of certain lands belonging to the plaintiff. It was admitted that The People had not received fruits or profits. The court said that in case of an existing cause of action it would arise by virtue of sections 1803 and 1804 of the Civil Code, that is, through fault or negligence, and held that it had prescribed because one year had elapsed.

Therefore, in the two cases different situations were present. It was therein concluded that the action arose from section 1803. Here it arises from sections 361, 365 and 1062 of the Civil Code, as follows:

"Sec. 361. To the owner belong:

"1. The natural fruits.

"2. The cultivated fruits.

"3. The civil fruits.

"Sec. 365. The fruits of a thing do not belong to the simple possessor and shall be returned together with the thing to the owner thereof who claims the same, unless the possessor held it *bona fide*.

"Sec. 1062. A creditor has a right to the fruits of a thing from the time the obligation to deliver it arises. However, he shall not acquire a property right thereto until it has been delivered to him."

That being so, not only could the second cause of action be properly joined with the first, but it is also necessary to conclude that the statute of limitation invoked, section 1869, subdivision 2, which fixes at one year the term for bringing the action, was erroneously applied.

We think it well to transcribe the following from two judicial decisions based on statutes similar to those in force

in Porto Rico, one of the United States Supreme Court in a case from Louisiana and the other of the Louisiana Supreme Court.

The first reads as follows:

"The remaining question to be considered is upon the allowance of the plea of prescription. It is alleged as error that the plea of prescription was not allowed in bar of the claim for all the rents and profits which had accrued more than three years prior to the commencement of the action. The Civil Code enumerates as causes of action which are the subject of the prescription of three years— 'the action for arrearages of rent charge, annuities, and alimony, or of the hire of movables or immovables.' (Article 3503.) 'In general all personal actions except those above enumerated are prescribed by ten years, if the creditor be present, and by twenty years if he be absent.' (Article 3508).

"These articles do not govern the present case. They prescribe actions which the party had the legal right to bring. They do not apply to rights like the present, which result from the determination of another action. Until the decree in the main suit there was here no existing cause of action to recover the mesne profits. No special action could be maintained for them until the title to the property should be judicially determined. It is controlled rather by the title 'Of the Right of Accession to what is produced by the thing.'

" 'Fruits of the earth, whether spontaneous or cultivated, belong to the proprietor by right of accession.'

" 'The fruits of the thing belong to its owner, although they may have been produced by the work and labor of a third person or from seeds sown by him, on the owner's reimbursing such person for his expenses.' .

" 'The produce of the thing does not belong to the simple possessor, and must be returned with the thing to the owner who claims the same, unless the possessor held it *bona fide*.'

"Speaking strictly, there was not only no cause of action, but no right to the mesne profits until the judgment in the original suit.

"There is no article of the Code to which our attention is called which limits this claim to the profits for three years. On the contrary, the rules of the civil law and the general principles of equity jurisprudence hold that there is no such limit. It will be observed that this question does not involve the allowance for improvements or to its extent. That point has been already disposed of, and the defendant has been allowed for the improvements and beneficial struc-

tures made by it during the term. We are now endeavoring to ascertain whether the recovery for the rents and profits which have been adjudged to be paid shall be limited as required by the defendant.

"The rule is thus laid down in Justinian:

" 'If any man shall have purchased or by any other means honestly acquired lands from another whom he believed to be the true owner, when in fact he was not, it is agreeable to natural reason that the fruits which he shall have gathered shall become his own on account of his care in the culture; and therefore if the true owner afterwards appear and claim his lands he can have no action against the *bona fide* possessor for produce consumed. But this exception is not granted to him who knowingly keeps possession of another's estate, and therefore he is compellable to account for *all the mesne profits*, together with the land.'

"The chancery rule is thus laid down in Peere Williams:

" 'Where one is in possession of lands belonging to an infant, if the infant when of age makes out his title, he shall recover the profits in equity from the first accruing of his title, and not from the filing of the bill only. So the defendant shall account for the profits from the time the plaintiff's title accrued, and not from the filing of the bill only, if the defendant has concealed the deeds and writings making out the plaintiff's title.'

"In *Dormer* v. *Fortescue*, Lord Hardwicke says:

" 'There are several cases where the court does decree an account of rents and profits, and that from the time the title accrued, as where there is a trust and an equitable title merely, or where a widow claims dower merely, but needs the aid of chancery to find out the lands, the court will give her the profits from the time of the demand not only, but from the time of her title accrued.'

"In the case before him he decreed an account upon these principles, for a period of fifteen years.

"The present action was commenced by Mrs. Gaines nearly seventeen years ago. It was a bill in equity praying for a discovery, for an accounting for rents and profits, and for general relief. After much tribulation she has reached the point of an accounting, which the defendant has brought before us on appeal. We think there is no prescription of the rents and profits, but that the allowance in this respect was properly made." *New Orleans* v. *Gaines*, 82 U. S. 624.

The second is as follows:

"As a possessor in bad faith, Morefield is responsible for the rents

and revenues of the property from the date of his possession under his purchase, and the right of the lawful owner in a petitory action to claim and recover the rents, cannot be barred by the prescription of either one or three years, which has been pleaded on appeal by defendant.

"The prescription of three years which he invokes, applies to actions on contracts for rent or hire, but not to the obligation imposed by law on the possessor in bad faith to restore to the lawful owner all the revenues of his property of which he has been deprived during the possession of the defendant, whether the bad faith of the latter be moral, or merely legal or constructive.

"This principle has been recognized, reaffirmed and consecrated by an unbroken line of decisions from the earliest days of our jurisprudence down to the present time. Donaldson vs. Hull, 7 N. S. 112; Williams vs. Booker, 12 R. 256; Rhodes vs. Hooper, 6 An. 356; Lowry, Curator, vs. Erwin, 6 R. 211 (39 Am. Dec. 556); Hill vs. Bowden, 3 An. 258; Walworth vs. Stevenson, 24 An. 253." *Walling Heirs* v. *Morefield*, 40 La. 801.

The judgment appealed from must be reversed as to its dismissal of the second cause of action and the case remanded to the district court for further proceedings not inconsistent with this opinion.